```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Malibu Media, LLC,            :

      Plaintiff,          :

  v.                          :     Case No. 2:14-CV-421

                                :     JUDGE EDMUND A. SARGUS, JR.
John Doe,                           Magistrate Judge Kemp

      Defendant.          :

## ORDER

    This matter is before the Court on plaintiff Malibu Media, LLC's motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference. For the following reasons, the motion for leave (#2) will be denied.

### I.

    This is a copyright infringement case involving the file transfer technology known as BitTorrent. The use of this technology, which allows peer-to-peer file sharing, has resulted in much litigation as of late. See, e.g., Third Degree Films, Inc. v. John Does 1-72, 2013 WL 1164024 (E.D. Michigan March 18, 2013)(provides detailed explanation of BitTorrent file-sharing protocol). The focus of the litigation has been the alleged use of this technology to unlawfully reproduce and distribute via the internet copyrighted motion pictures.

    In this case, Malibu Media has identified one Doe defendant by the internet protocol (IP) address assigned by the internet service provider Road Runner. Through its current motion, Malibu Media seeks to serve a Rule 45 subpoena on Road Runner to uncover the identity of the account holder of this IP address, including name, current and permanent address, telephone numbers and email addresses.

II.

Fed.R.Civ.P. 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference.  However, Rule 26(d) also provides that expedited discovery may be conducted prior to that conference when authorized by court order.  Consequently, a district court has the discretion to permit discovery prior to a Rule 26(f) conference.  See, e.g., Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003). Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery.  Tesuco Holdings Ltd. v. Does 1-12, 2012 WL 6607894 (E.D. Tenn. December 18, 2012).

Good cause may be found based upon "(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward." Best v. Mobile Streams, Inc., 2012 WL 5996222, *1 (S.D. Ohio November 30, 2012), citing Arista Records, LLC v. Does 1-9, 2008 WL 2982265 (S.D. Ohio July 29, 2008).  Courts also look to whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored.  Id.; see also Arista Records, LLC v. Does 1-15, 2007 WL 5254326 (S.D. Ohio May 17, 2007).

III.

Malibu Media contends that it has demonstrated good cause under the standards described above.  On this issue, Malibu Media asserts that it has pled a prima facie claim for copyright infringement, has clearly identified the specific information it seeks through discovery, has no other means for obtaining the Doe defendant's identity, and needs the information to pursue its claim.  Malibu Media also argues that courts throughout the country have "unanimously" granted motions for expedited

-2-

discovery in actions against BitTorrent defendants.

The Court is aware that motions similar to Malibu Media's frequently are granted but courts, in granting such motions, have found several factors significant. One such factor is the specificity with which the defendants have been identified, including the assigned IP addresses, the date and time of the alleged illegal download, the hash identifier of the downloaded file, the ISP, and the location of the IP address. Also significant are the steps taken by the plaintiff to locate and identify the Doe defendants. Further, courts have looked to whether the elements of a copyright infringement claim have been pled. See, e.g., Vision Films, 2013 WL 1385203, at *2.

Here, there are two primary problems with Malibu Media's motion. First, although, as noted above, Malibu Media has identified the IP address assigned to the Doe defendant, it has not provided other specific information generally considered significant by courts, including the date and time of the download at issue, the hash identifier, or the location of the IP address. Malibu Media has submitted a declaration from Tobias Fieser, a forensic investigator employed by IPP responsible for monitoring the BitTorrent file distribution network. However, this declaration indicates only that "a person using Defendant's IP address engaged in BitTorrent transactions with 660 files between 07/22/2012 and 04/07/2014." The declaration also makes repeated references to information contained in Exhibit A to the complaint but this exhibit does not appear to contain the information referenced by Mr. Fieser. Rather, Exhibit A to the complaint is a declaration of Colette Field and appears to be the same declaration submitted in support of the motion.

More significantly, the Court is without sufficient information from which it could conclude that Malibu Media has pled a copyright infringement claim. This is because Malibu

Media has not identified the copyrighted work or provided any information demonstrating that it is the owner of the relevant copyright.  Although the complaint states that such information is contained in Exhibit B, the Court's review of that document indicates otherwise.  Exhibit B is a declaration of Patrick Paige detailing his efforts to test IPP's IP detection process.  This declaration, also submitted in support of the motion, does not appear to contain any information regarding the copyrighted work allegedly infringed by the Doe defendant.

Taking all of the above into account, given the current state of the record in this case, Malibu Media's motion will be denied.

IV.

For the reasons stated above, the motion for leave to take discovery (#2) is denied.

### APPEAL PROCEDURE

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                    <u>/s/ Terence P. Kemp          </u>
                                    United States Magistrate Judge